PER CURIAM.
Appellant sued appellee car dealer, alleging a number of counts including fraud and deceptive trade practices. We affirm the summary judgment as to the remaining counts, but reverse the claims for fraud and deceptive trade practices based on the following factual allegations.
Appellant gave a deposit of $1,000 to purchase a used Lexus for $11,300, which is reflected in a written contract. Appellant needed financing, which the salesman obtained through another entity. When appellant returned to take delivery, he signed the papers without reading them, assuming the purchase price would be the same as indicated in the deposit contract. He then drove the vehicle away without receiving copies of the documents. When he later discovered that the actual purchase price was over $16,000, that the interest rate was twenty-one percent, and that the total payments would be almost $25,000, he attempted to return the car to no avail.
Obtaining the signature of a customer on a contract which does not accurately reflect the agreement between the parties could constitute a deceptive trade practice, § 501.204, Fla. Stat. (1995), as well as fraud. There are material issues of fact as to both claims. Reversed.
' POLEN, KLEIN and GROSS, JJ., concur.